Singh v. Garland

BIA
Lurye, IJ
A202 144 088

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of May, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

_____

DALJIT SINGH,
> *Petitioner,*

v.                                                                      22-6107
                                                                        NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**        Jana Junuz, Esq., Law Offices of Jana Junuz, P.C., S. Richmond Hill, NY.

**FOR RESPONDENT:**      Brian M. Boynton, Principal Deputy Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; Krishana Patel, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Daljit Singh, a native and citizen of India, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum under § 208 of the Immigration and Nationality Act ("INA"), withholding of removal under § 241 of the INA, and protection under the Convention Against Torture ("CAT"). *In re Daljit Singh*, No. A202 144 088 (B.I.A. Feb. 8, 2022), *aff'g* No. A202 144 088 (Immig. Ct. N.Y. City July 12, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions, including the portions of the IJ's decision not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271

2

(2d Cir. 2005). We review the agency's factual findings, including an adverse credibility determination "under the substantial evidence standard," and we review questions of law and the application of fact to law *de novo*. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162,

3

167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the agency's adverse credibility determination.

The agency reasonably relied on inconsistencies between Singh's written and oral statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). First, Singh's written and oral statements were inconsistent as to when the police pushed his father versus when they slapped his father. When confronted with the inconsistency, Singh simply repeated the testimony that was inconsistent with his own affidavit as well as statements from his father and a neighbor. His explanation that he used the terms pushed and slapped interchangeably is not compelling because he used distinct terms in describing the incidents in his affidavit. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Second, Singh's testimony and documentary evidence was inconsistent regarding whether a neighbor went to the village elders on his behalf. The agency was not compelled to accept Singh's multiple, competing explanations for this inconsistency. *See id.* Third, Singh was inconsistent regarding who went to the police on his behalf. And the IJ was not

4

required to accept his explanation that he had suffered from memory issues since childhood, as he had no medical evidence and he claimed that his memory failed only when confronted with inconsistencies. *Id.*

This adverse credibility determination is bolstered by the IJ's finding that Singh's allegations of memory and competency problems were indicative of evasiveness. We give "particular deference" to that finding because the IJ is "in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). As noted above, Singh had no evidence of medical or memory problems, and he did not have problems recalling details and answering questions on direct examination.

Finally, the IJ reasonably determined that Singh's documentary evidence merited minimal weight and failed to rehabilitate his claim or otherwise satisfy his burden of proof. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency

reasonably gave minimal weight to the affidavits because they contained information that conflicted with Singh's own testimony, the declarants were not available for cross-examination, and some of the declarants were interested parties. *Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (deferring to IJ's decision to accord "little weight" to letters from declarants who were "interested parties" and not available for cross-examination); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Taken together, the inconsistencies, the IJ's demeanor finding, and the lack of consistent and reliable documentary evidence provide substantial evidence for the agency's adverse credibility determination. *See Likai Gao*, 968 F.3d at 145 n.8 ("[E]ven a single inconsistency might preclude [a non-citizen] from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Hong Fei Gao*, 891 F.3d at 77 (noting that agency may rely on "cumulative effect" of minor discrepancies (quoting *Xiu Xia Lin*, 534 F.3d at 167)); *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same facts. *See Hong Fei Gao*, 891 F.3d at 76.

6

For the foregoing reasons, the petition for review is **DENIED**.   All pending

motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7